

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,643-01

### EX PARTE ISIDORE KRISHNA BRIDGEFORTH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14276C IN THE 29TH DISTRICT COURT
### FROM PALO PINTO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in organized criminal activity and sentenced to thirty-five years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Bridgeforth v. Texas*, 11-10-00356-CR (Tex. App.– Eastland August 9, 2012).

This case was remanded to the trial court on February 12, 2014 to determine whether appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and that he had the right to file a *pro se* petition for

discretionary review.

On August 7, 2014, this Court received a supplemental record from the trial court. The court issued findings of fact and conclusions of law and recommended that relief be denied. After a review of the supplemental record, it is this Court's opinion that there are unresolved facts which warrant a second remand.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

Following the receipt of additional information, the trial court shall make findings of fact as to whether Applicant's appellate counsel timely informed Applicant that his conviction had been affirmed. The trial court shall also make findings of fact as to whether appellate counsel informed Applicant as to the applicable deadlines in order to proceed *pro se*. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: October 15, 2014
Do not publish